UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vicki Lowe,

    Plaintiff,

vs.                                              Case No: 8:17cv2947-T30-TBM

University of South Florida
Board of Trustees,

    Defendant.
_____/

PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL PRODCUTION OF DOCUMENTS

        Pursuant to Local Rule 3.01(b) of this Court, Plaintiff by and through her undersigned attorney, files this Response and Memorandum of Law in Opposition to Defendant's Motion to Compel Production of Documents Responsive to Request Nos. 10 and 22 of Defendant's First Request for Production of Documents, Request for Award of Reasonable Attorneys' Fees, and Supporting Memorandum of Law ("Defendant's Motion") and states the following:

I.     <u>MOTION</u>

    A.        On May 4, 2018 Plaintiff filed her Second Amended Complaint ("Complaint") against Defendant, University of South Florida Board of Trustees. Plaintiff's Complaint alleges that Defendant, through its manager, Jessica Burgess, interfered with and retaliating against Plaintiff for exercising her rights under the Family and Medical Leave Act of 1993, as mended ("FMLA").

    B.        Specifically, Plaintiff alleges she was granted intermittent FMLA leave to attend to and care for her critically ill husband. This protected leave was interfered with by Jessica Burgess, Plaintiff's supervisor, who harassed Plaintiff, by among other things, making demands

on Plaintiff that were never before asked of Plaintiff in taking FMLA leave or in Defendant's policies and procedures regarding FMLA leave, reprimanding Plaintiff in front of co-workers, relocating and changing Plaintiff's office upon her return from FMLA leave and reprimanding Plaintiff in the form of written reprimands which went in to Plaintiff's personnel file.

C.  The interference alleged above led to an exacerbation of Plaintiff's own medical condition and the constructive termination from Defendant so that Plaintiff could continue to care for Plaintiff's husband who unfortunately passed away in February of this year.

D.  On or about May 30, 2018, Defendant served Plaintiff with Defendants' First Request for Production of Documents.

E.  Defendant's Request for Production contained 34 requests and included requests such as Request no. 1: "[A]ll documents constituting, evidencing, or referring or relating to handbooks, benefit descriptions, policy statements, agreements, letters, memoranda, notes, or documents of any nature received by you from USFBOT pertaining to your employment with Defendant."

F.  Plaintiff's objections to this request and other requests were not "boilerplate" as Defendant contends, but were specific to each request. Further, Plaintiff made objections because Defendant sought documents that were in Defendant's possession, custody, and control, and/or equally available to Defendant and previously produced by Defendant in response to a pre-litigation request.

G.  On July 3, 2018, Defendant's counsel, F. Damon Kitchen, sent the undersigned an eight (8) page deficiency letter and in that letter, Mr. Kitchen insisted each objection be withdrawn and that Plaintiff promptly clarify responses and provide Defendant with all documents, which in essence were all the documents his client had previously produced.

H.      Following a lengthy conference call between the undersigned and Mr. Kitchen, the undersigned conferred with Plaintiff and Plaintiff supplemented her responses where appropriate and produced over 140 additional documents responsive to Defendant's request. Plaintiff through her undersigned counsel served the supplemental responses on or about July 30, 2018.

I.      These responses were not verified, because Plaintiff was out of state on vacation and did not get the verification page back to the undersigned by the deadline to respond.

J.      Plaintiff provided a notarized verification page on August 9, 2018, so that Plaintiff's supplemental responses are now sworn.

## II. MEMORANDUM OF LAW

### A. Plaintiff's Jointly filed Tax Returns for 2016 and 2017 contain information irrelevant to the issue of mitigation of damages and offset

Defendant argues that Plaintiff's tax returns are relevant because Plaintiff "specifically asserts a claim to recover past and future lost benefits from Defendant." Further, Defendant in its affirmative defenses argues that Plaintiff has a duty to mitigate her damages by seeking to obtain suitable replacement employment and offset her claimed wage loss damages based on any interim income or earnings that she has received.

Mitigation of damages and offset are strictly confined to what Plaintiff herself earns or could earn. The discovery of Plaintiff's deceased spouse's income or assets are irrelevant to either of these inquiries.

Defendant states the reason for requesting Plaintiff's 2016 tax return is to show that she did not have other sources of earnings and income in 2016 and in 2017. However, Plaintiff was still working for Defendant during the 2016 tax year, and she has also stated in her responses that she was employed only by Defendant during the 2016 tax year. Therefore, Defendant is already

aware of Plaintiff's earnings for that tax year. Further, Plaintiff states that she had no other income for the 2016 tax year, and that after her termination with Defendant she was not employed and did not seek employment as she was caring full time for her husband in 2017.

Nonetheless, Defendant does not accept Plaintiff's sworn statements to the contrary and demands production of the tax returns to show that Plaintiff did not in fact have other earned income. Plaintiff argues that income tax returns, especially those filed jointly with a spouse who is not a party to the action contain private information, including investment interest, rental property, and charitable deductions and losses, not relevant to any inquiry in this case. See, *Giumbard v. H. Lee Moffitt Cancer Ctr. & Research Inst., Inc.*, 2013 U.S. Dist. LEXIS 199301 (M.D. Fla. 2013).

Defendant cites to *Regions Bank v. Kaplan*, 2016 WL 2640480 at *2 (M.D. Fla. 2016) to support Defendant's request for jointly filed tax returns. In *Regions Bank*, the Court stated that the jointly filed tax returns of the objecting party only needed to be "arguable relevant' in order to be discoverable. 2016 WL 2640480 at *2 (M.D. Fla. 2016). However, *Regions Bank* is distinguishable from the case present, as it involved a claim for punitive damages and this case does not. The *Regions Bank* Court distinctly held a party's "financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive damages award." *Id.* No such consideration is applicable to the case present.

Thus, while a showing of compelling need is not needed for such information, there must be some showing of relevancy.

In *Giumbard v. H. Lee Moffitt Cancer Ctr. & Research Inst., Inc.*, 2013 U.S. Dist. LEXIS 199301 (M.D. Fla. 2013), a case similar to the case present, the Plaintiff brought claims against

the Defendant, her former employer, alleging gender, race and pregnancy discrimination claims as well as FMLA violations. The Defendants sought production of her tax returns and Plaintiff objected. Arguing that the tax returns were relevant to Plaintiff's alleged damages of back pay, front pay, and lost benefits and her mitigation of damages, Defendants sought to compel their production. Defendants further submitted that Plaintiff's pre-termination tax returns were relevant to Plaintiff's ability to mitigate damages to show if Plaintiff worked for any other entities while working for Defendants, to confirm Plaintiff's testimony that she did not earn any income from her business of which she was a sole shareholder, and to confirm that her previous employment paid her $140,000 per year. *Id*.

The *Guimbard* Court found that certain tax information for the year in question were relevant, however, limited the information to "the W-2s and 1099s along with an un-redacted copy of the signed Form 1040 for those years…Plaintiff need not produce any other schedules or attachments to the returns." Id at *4. The court further held that this information shall be subject to the parties' stipulated confidentiality order, and Defendants counsel "shall utilize the tax returns solely in connection with this case." Id. Important here is the fact that the Court limited the information in the tax return finding that additional information contained in the attached schedules such as rental income, investments, charitable contributions and other assets were not relevant to the determination of mitigation of damages and offset.

While the *Guimbard* Court did not address whether the Plaintiff in this case filed jointly with a spouse, it is evident the Court found certain information in the tax returns to not be relevant to the damages inquiry. In the instant case, Plaintiff's tax returns filed jointly with her deceased husband and specifically any income attributable to him or additional assets such as investments and rental income are not relevant to a mitigation of damages inquiry. While

Plaintiff requests this Court deny Defendant's Motion to Compel, if this Court is inclined to grant Defendant's Motion as to her tax returns, Plaintiff requests that her tax returns be limited to only the Form 1040 and no attachments or schedules for the years 2016 and 2017, and subject to a stipulated confidentiality order.

    B. <u>Plaintiff's telephone billing statements and records for the time between June 23, 2016 and January 11, 2017 are irrelevant, overbroad, and not reasonably calculated to lead to the discovery of potentially relevant information</u>

Plaintiff's Complaint alleges in paragraphs 12 and 13:

    12.  On or about, July 15, 2016 Plaintiff notified her direct supervisor, Ms. Burgess, of her need to leave early due to her husband's emergent situation and to fly to Houston, Texas where has was being admitted to the hospital and said that she did not have a return flight at that time.

    13.  While Plaintiff was on her protected FMLA leave, Ms. Burgess contacted her leaving messages and otherwise harassing the Plaintiff while on FMLA leave.

Plaintiff's allegation in paragraph 13 that Ms. Burgess "contacted her leaving messages" is based on Defendant's own statements. On August 3, 2016, Plaintiff's supervisor, Ms. Burgess, submitted an oral reprimand reduced to writing in reference to Plaintiff's FMLA leave on July 15, 2016 and stated: "…Employee did not answer phone calls on personal cell phone or personal email from supervisor." See, Exhibit 1 to Plaintiff's Response in Opposition to Defendant's Motion to Compel.

Plaintiff does not need to "prove" that Ms. Burgess contacted her by producing her telephone records, rather, she points to Ms. Burgess' own statement in a written reprimand to Plaintiff where Ms. Burgess herself states that she made "calls" to Plaintiff while she was on

FMLA to Houston. Yet, somehow, Mr. Kitchen insists that Plaintiff produce telephone records and logs from June 23, 2016 to January 11, 2017 to prove that Defendant made these calls. Mr. Kitchen insists that if Plaintiff objects to the production of these logs that she stipulate that Defendant did not harass Plaintiff by making calls.

As this Court is aware, courts may limit discovery upon the determination that the discovery sought is unreasonably burdensome or expensive or the expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues. See *World Triathlon Corp. v. SRS Sports Center*, 2005 U.S. Dist. LEXIS 15412 at *2 (M.D. Fla. July 29, 2005).

Courts have held that a Motion to Compel a Request seeking "all telephone records and other documents reflecting telephone calls made by or to Defendant" be denied as overly-broad and unduly burdensome. *Doe v. Epstein*, 2009 U.S. Dist. LEXIS 139535 (S.D. Fla. August 4, 2009). Further, since it was Defendant themselves who admittedly made these calls, it is easier and less burdensome for Defendant to obtain these telephone logs and not necessary to burden the Plaintiff with having to do so.

Plaintiff can show she was harassed by Defendant's supervisor, Jessica Burgess, through Ms. Burgess own statements to her, reprimands, and emails to her personal email account. Plaintiff's telephone logs are irrelevant to prove Plaintiff's claim. Thus, this request is irrelevant, overbroad, and not reasonably calculated to lead to possibly admissible evidence and should be denied.

C. Defendant's request for attorney's fees should be denied

The Court's inherent power to impose sanctions is triggered only when a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.* 501 U.S. 32, 45-46, 11 S. Ct. 123 (1991). This is not the case here. Plaintiff made valid objections to Defendant's discovery requests, and further provided supplemental responses where appropriate. As the foregoing shows, this is a discovery dispute and Plaintiff should not be penalized for setting forth her position and defending same. Plaintiff has not been evasive, but rather forthcoming in her responses and cured response where deficient and respectfully requests that this Court deny Defendant's request for attorney's fees.

## IV. CONCLUSION

Based on the above, Plaintiff respectfully requests that this Court deny Defendant's Motion to Compel Production of Documents Responsive to Request Nos. 10 and 22 of Defendant's First Request for Production of Documents and Request for Award of Reasonable Attorneys' Fees.

Dated: August 21, 2018.

Respectfully Submitted,

JOHN BALES ATTORNEYS

Donna L. DeConna
Florida Bar No.: 914411
A Bales Professional Association
625 E. Twiggs St., Suite 100
Tampa, FL 33602
Telephone: (813) 224-9100
Facsimile: (813) 224-9109
Service Email: Team-Emplomentlaw@johnbales.com

## CERTIFICATE OF SERVICE

I certify that on August 21, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

F. Damon Kitchen
c/o CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
Post Office Box 41099
Jacksonville, FL 32203
dkitchen@constangy.com

John F. Dickinson
c/o CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
Post Office Box 41099
Jacksonville, FL 32203
jdickinson@constangy.com

JOHN BALES ATTORNEYS

_____
Donna L. DeConna